OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. McMaster, Appellant, v. School Employees Retirement System, Appellee.
[Cite as State ex rel. McMaster v. School Emp. Retirement Sys. (1994),        Ohio St.3d        .]
Schools -- School Employees Retirement System -- Disability retirement benefits -- Eligibility -- Determination.
(No. 93-1973 -- Submitted March 1, 1994 -- Decided April 27, 1994.)
Appeal from the Court of Appeals for Franklin County, No. 93AP-62.

Frank D. McMaster, relator-appellant, appeals from a judgment of the Franklin County Court of Appeals which denied his complaint for a writ of mandamus seeking to compel the School Employees Retirement System, respondent-appellee, to: (1) vacate its decision denying his application for disability retirement benefits, (2) order appellee to pay appellant disability retirement benefits, and (3) order appellee to comply with due process and its administrative rules. The parties stipulated the evidence to be considered in the court of appeals.

Appellant was employed as a school bus driver for the Chesapeake Union School District in Lawrence County, Ohio, for over fifteen years. The last day that he drove a school bus was March 7, 1990. In June 1990, appellant applied for disability retirement benefits with appellee. Appellant claimed that he was unable to drive a school bus because of depression, anxiety, and high blood pressure. He noted that the least amount of pressure or noise, e.g., a child acting up on the bus, would cause great anxiety and result in an unsafe situation.

Robert J. Thomas, M.D., appellant's attending physician, filed a report on behalf of appellant which diagnosed him as suffering from severe anxiety neurosis and hypertension. Dr. Thomas opined that appellant's anxiety disorder significantly impacted on his ability to do any job and that driving a school bus was not an option "at this time." Dr. Thomas concluded that appellant was "mentally incapacitated" from performing his duties as a school bus driver. Nevertheless, Dr. Thomas

questioned if appellant's conditions were permanent, stating that he might improve with "psychiatric input."

Jerold H. Altman, M.D., conducted a psychiatric examination of appellant on behalf of appellee. Dr. Altman reviewed Dr. Thomas' report and took a medical history from appellant. Dr. Altman was unable to ascertain any evidence of either a severe disruptive psychiatric disorder or an organic brain dysfunction. He concluded that appellant was not disabled on a psychiatric basis. Dr. Altman further noted:

"I am somewhat puzzled at Dr. Thomas' brief report about prognosis for recovery as poor and patient may need, 'Significant psychiatric counseling.' Perhaps Dr. Thomas can give a much better and clearer explanation of this so that it can be considered. However, after my examination of Mr. McMaster I fail to see any disruptive psychiatric disorder."

N. Stanley Nahman, Jr., M.D., conducted a physical examination of appellant on behalf of appellee. Dr. Nahman concluded:

"* * * Mr. McMaster may be considered to have systemic hypertension without evidence of cardiovascular, central nervous or renal complications. Because he has no end organ dysfunction secondary to his hypertension he cannot be considered disabled."

The four-member medical advisory committee for appellee reviewed the medical reports and recommended that appellant's application for disability retirement benefits be denied because he was not disabled from performing his duties as a bus driver. On December 7, 1990, appellee denied the application. By certified letter dated December 7, 1990, appellee notified appellant of its denial of his application and further stated: "If you intend to appeal the Board's decision it must be in writing, signed by you, and sent within 15 days of the date on this letter. Please follow the instructions in the enclosed leaflet regarding School Employees Retirement System's disability appeals procedures."

On December 13, 1990, appellant appealed appellee's decision and indicated his intent to provide additional medical evidence. By letter dated January 30, 1991, Alice Fletcher, R.N., a psychiatric nurse at Pathways, Inc., indicated that appellant had been recently treated by Khan M. Matin, M.D., the medical director of the facility, with medication as well as psychotherapy. In another letter dated February 27, 1991, Fletcher and Dr. Matin stated that appellant had "reported his inability to cope with stress and a fear that he may have an accident while driving the school bus with the children." Dr. Matin recommended and also scheduled a psychological evaluation of appellant for March 1991, and further requested an extension of time for appellee's determination of the appeal.

On March 6, 1991, Steven Parks, M.A., a certified psychologist with Pathways, Inc., conducted a psychological examination of appellant. In an evaluation received by appellee on March 29, 1991, and listing the typewritten names of both Parks and Walter F. Powers, M.D., a licensed clinical psychologist, it was opined that appellant suffered from dysthymia and chronic depression. Parks concluded that the "[p]rognosis regarding his emotional problems is fair," that "[s]ymptomatic relief for his depression may be provided by

antidepressant medication," and that psychotherapy may also prove beneficial. In an April 1, 1991 letter, Robert J. Atwell, M.D., the Chairman of the Medical Advisory Committee, advised appellee:

"I have reviewed the material submitted as a basis for appeal. In reviewing, only the conditions for which he has been examined were raised and I see no reason to change the recommendation to deny."

On April 12, 1991, appellee denied the appeal and upheld its decision to deny appellant disability retirement benefits. By letter dated April 16, 1991, appellee informed appellant of its decision:

"On April 12, 1991 the Retirement Board, in consultation with its Medical Advisory Committee, reviewed all the evidence and concurred in the decision to uphold the original recommendation to deny disability retirement because of the lack of acceptable medical evidence establishing your inability to perform your job duties."

In a September 24, 1992 letter, appellant's counsel advised appellee that appellant requested that his application be "fully and fairly adjudicated" and that he receive a personal appearance before appellee. Appellant's counsel also attached a June 25, 1992 psychiatric evaluation of appellant by Allan R. Korb, M.D. Dr. Korb diagnosed appellant as suffering from dysthymia and concluded that his "severe psychiatric disorder * * * totally incapacitated [him] from performing his duties as a school bus driver * * *." Dr. Korb concluded that appellant's disability was permanent and had been permanent since March 7, 1990. Appellee subsequently notified appellant that his appeal rights had ceased.

On January 19, 1993, appellant filed a complaint for a writ of mandamus in the court of appeals. On August 13, 1993, the court of appeals entered judgment denying the requested mandamus relief.

The cause is before the court upon an appeal as of right.

Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy, Marc J. Jaffy and Sue Fauber, for appellant.
Lee I. Fisher, Attorney General, and Christopher S. Cook, Assistant Attorney General, for appellee.

Per Curiam. The Public School Employees Retirement System was established for the purpose of providing retirement allowances and other benefits to public school employees other than teachers. 1 Baker & Carey, Ohio School Law (1993) 399, Section 8.25. The determination of whether a member of the School Employees Retirement System is entitled to disability retirement is solely within the province of appellee pursuant to R.C. 3309.39. Fair v. School Emp. Retirement Sys. (1978), 53 Ohio St.2d 118, 7 O.O.3d 192, 372 N.E.2d 814, syllabus. In order to be entitled to disability retirement benefits, a member must be mentally or physically incapacitated for the performance of such member's last assigned primary duty by a disabling condition either permanent or presumed to be permanent for twelve continuous months following the filing of an application. R.C. 3309.39(C). The determination by appellee of whether a person is entitled to disability

retirement benefits is subject to review by mandamus, and mandamus may also be utlized to correct any other abuse of discretion in the proceedings.  Carney v. School Emp. Retirement Sys. Bd. (1987), 39 Ohio App.3d 71, 72, 528 N.E.2d 1322, 1324.

In order to be entitled to a writ of mandamus, a relator must establish that:  (1) relator has a clear legal right to the relief prayed for, (2) respondent is under a clear legal duty to perform the act, and (3) relator has no plain and adequate remedy in the ordinary course of law.  State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440, 441, 613 N.E.2d 232, 233-234.  The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.  Rock v. Cabral (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218, 222. Appellant essentially contends that appellee abused its discretion in several particulars in denying appellant's application for disability retirement benefits.

In his first proposition of law, appellant asserts that appellee breached its fiduciary duty to him by failing to properly evaluate and follow up on the evidence submitted in conjunction with his application for disability retirement benefits.  Appellant claims, as he did below, that appellee owed him a fiduciary duty to protect his interest and his right to disability retirement benefits in its handling of his application.  Appellant contends that this fiduciary duty arose as a result of R.C. 3309.15, which provides in pertinent part:

"The members of the school employees retirement board shall be the trustees of the several funds created by section 3309.60 of the Revised Code.  The board and other fiduciaries shall discharge their duties with respect to such funds solely in the interest of the participants and their beneficiaries; for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the system; with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; and by diversifying the investments of the system so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so.  In exercising its fiduciary responsibility with respect to the investment of such funds * * *."  (Emphasis added.)

The court of appeals did not address appellant's contention that R.C. 3309.15 created a fiduciary duty on the part of appellee to exercise reasonable care, skill, prudence and diligence to disability retirement applicants such as appellant.  As noted by appellee, R.C. 3309.15 seems to apply mainly to the exercise of due diligence in the investment of the specified funds.  See, generally, 3 Buchter, Scriven & Sheeran, Baldwin's Ohio School Law (1993) 175, T 14.03.  More important, R.C. 3309.15 states that appellee and other fiduciaries shall discharge their duties as to the funds "solely in the interest of the participants and their beneficiaries * * *."  Here, appellant was merely a prospective participant/beneficiary; he claimed entitlement to participate

in appellee's disability retirement benefits.  Consequently, appellee owed no fiduciary duty to appellant pursuant to R.C. 3309.15.

Nevertheless, appellee was required not to abuse its discretion in determining appellant's application for disability retirement benefits.  Carney, supra; see, also, State ex rel. Feucht v. School Emp. Retirement Sys. (Apr. 19, 1988), Franklin App. No. 87AP-131, unreported,      WL    .. Therefore, appellant's remaining claims should be analyzed utilizing such standard.  Appellant asserts that appellee failed to follow up on questions raised in Dr. Altman's report, failed to make evidence available to its examining doctors, and failed to consider all the evidence.

Dr. Altman's report indicated that he was "somewhat puzzled" by Dr. Thomas' conclusion that appellant might need significant psychiatric counseling and that "[p]erhaps Dr. Thomas can give a much better and clearer explanation of this so that it can be considered."  Nevertheless, Dr. Altman concluded, based upon his own psychiatric examination of appellant, that appellant possessed no severe psychiatric disorder.  The court of appeals determined, in conclusory fashion, that appellee "is under no clear legal duty to further elicit evidence in support of the disability claim * * *." Neither R.C. 3309.39 nor Ohio Adm. Code 3309-1-41 requires that appellee order a clarification by the treating physician in these circumstances.  Additionally, Dr. Altman did not condition his assessment based upon the availability of new information.  Accordingly, although it may well have been preferable for appellee to have ordered a clarification from Dr. Thomas, we agree with the court of appeals that it was under no clear legal duty to do so.  In other words, appellee did not abuse its discretion in failing to follow up on Dr. Altman's statement concerning Dr. Thomas' report.

Appellant next claims that appellee did not consider his handwritten statement attached to a form filed with his application for disability retirement benefits.  However, the applicable version of Ohio Adm. Code 3309-1-41(A) provided that the four-member medical advisory committee was only to make recommendations to appellee based upon the "medical evidence" available.  Appellant's handwritten statement arguably did not constitute medical evidence.  Moreover, at least one member of the medical advisory committee, George H. Lohrman, M.D., noted in his recommendation that he had considered the "long letter from the applicant."  Finally, there is nothing to indicate that appellee, as opposed to the medical advisory committee, failed to consider appellant's statement.

Appellant finally claims under his first proposition of law that appellee violated its fiduciary duty to him by not providing his handwritten statement to Dr. Altman.  However, Dr. Altman's report indicated that appellant's oral history given to him during the psychiatric examination was "contradictory to [appellant's] * * * own handwritten reprot [sic] * * *."  This might imply that Dr. Altman did have appellant's handwritten statement.  Furthermore, Dr. Altman gave appellant an opportunity to provide a history of his alleged mental impairments.  Under these circumstances, we discern no abuse of appellee's broad discretion.  Appellant's

first proposition of law lacks merit.

Appellant asserts in his second proposition of law that appellee's treatment of the evidence submitted on appeal was violative of its own rules, its fiduciary duty to appellant, and appellant's right to due process. Former Ohio Adm. Code 3309-1-41(B), in effect at the time of appellant's appeal, provided procedures in cases of a member's appeal of a denial of disability retirement benefits. Former Ohio Adm. Code 3309-1-41(B)(1) provided:

"After formal retirement board action is taken, notification shall be issued to the applicant. This notice shall inform the applicant:

"(a) The medical evaluation and retirement board's denial of disability retirement.

"(b) The right to submit, within fifteen days of notice of denial, a notice of intent to provide additional objective medical evidence consisting of timely medical evidence documented by a licensed physician specially trained in the field of medicine pertinent to the illness or injury for which disability is claimed and such evidence has not, heretofore, been considered by the medical advisory committee. Such additional medical evidence may be presented in writing by the applicant or by counsel and/or personal physician on behalf of the applicant which shall constitute an appeal of the denial * * *."

Although not contended by appellee, the court of appeals determined that the evidence submitted by appellant in support of his appeal did not comport with the definition of "additional objective medical evidence" as set forth in former Ohio Adm. Code 3309-1-41(B)(1) because neither the letter from the nurse nor the psychological evaluation was "from a licensed physician," and Dr. Matin's letter only set forth a summary of appellant's past complaints. We agree.

The letter from Nurse Fletcher was not "medical evidence documented by a licensed physician." Moreover, although Dr. Matin apparently recommended a psychological evaluation of appellant, he neither administered it, approved the findings, nor commented on the findings. The psychological evaluation was performed by an unlicensed psychologist and although his results were arguably approved by a licensed psychologist, these psychologists do not constitute "licensed physician[s]" for purposes of the rule. Cf., e.g., R.C. 4732.19, where the General Assembly notes the distinction between licensed psychologists and physicians. Further, the evaluation that was part of the stipulated evidence, although containing signature lines for Steven Parks, M.A., and Walter F. Powers, Ph.D., following the notation "APPROVED BY:" was not signed by either psychologist. In contrast, the other medical reports in the record all bear the signatures of the physicians who rendered them. Finally, Dr. Matin's joint letter with Fletcher merely reiterated appellant's past complaints concerning his inability to cope with stress and the fear of having an accident while driving a school bus. Since none of the additional evidence met the rule's definition, Dr. Atwell properly advised appellee that "only the conditions for which [appellant] * * * has been examined were raised * * *."

Appellant also contends in his second proposition of law

that appellee did not consider the evidence submitted by him in support of his appeal.  However, in appellee's April 16, 1991 letter notifying appellant of the denial of his appeal, appellee indicated that it had "reviewed all the evidence." Appellant's second proposition of law is without merit.

Appellant's third proposition of law asserts that appellee violated due process by failing to follow its own rules, provide a fair hearing, and consider all of the evidence.  As the court of appeals noted, although the current version of Ohio Adm. Code 3309-1-41(B)(3) allows for a single member of the medical advisory committee to review all medical evidence submitted on appeal and advise as to its status as "additional objective medical evidence,"  the former version of Ohio Adm. Code 3309-1-41 in effect during the determination by appellee did not.  However, since the evidence submitted did not fit the rule's definition of "additional objective medical evidence," any error in this regard did not prejudice appellant. Additionally, Dr. Atwell did not incorrectly apply the rule's definition, as contended by appellant.  Appellant's third proposition of law is meritless.

Appellant's fourth proposition of law (misdesignated as another third proposition of law in his brief) asserts that appellee violated his right to due process because the notice of denial did not inform him of his right to seek a personal appearance before appellee.  Former Ohio Adm. Code 3309-1-41(B)(1)(c) provided that the notification concerning appellee's denial of disability retirement benefits shall include notice to the applicant of:

"The right to request, within fifteen days of notice of denial, a personal appearance before the retirement board's retirement committee with counsel and/or a personal physician. Additional medical evidence defined in paragraph (B)(1) * * * must be presented in writing to the retirement board no less than two weeks prior to such personal appearance, or all rights to appeal shall cease."

Here, although the specific notice did not set forth appellant's right to request a personal appearance, it stated that he should "follow the instructions in the enclosed leaflet regarding School Employees Retirement System's disability appeals procedures," and appellant does not contend that the leaflet failed to contain the requisite information concerning requests for personal appearance before appellee.  Therefore, appellee substantially complied with the rule, gave appellant a meaningful opportunity to be heard, and violated neither procedural nor substantive due process.  Additionally, as the court of appeals determined, any error was not prejudicial because appellant failed to present "additional objective medical evidence."

Appellant in his final proposition of law asserts that appellee acted improperly by failing to follow its own rules, i.e., former Ohio Adm. Code 3309-1-41(B)(1)(b).  However, as previously set forth, any failure on the part of appellee to strictly comply with the rule did not prejudice appellant. Furthermore, in order to establish entitlement to a writ of mandamus, there must have been an abuse of discretion on the part of appellee in denying disability retirement benefits. Carney, supra.  A mere error in law or judgment is insufficient

to establish an abuse of discretion.  Rock, supra.  While former Ohio Adm. Code 3309-1-41(B) stated that the appeal procedures set forth therein were to "assure fair and impartial adjudication of all claims for permanent disability retirement benefits," it did not necessarily guarantee an error-free adjudication.  Cf., e.g., State v. Combs (1991), 62 Ohio St.3d 278, 290, 581 N.E.2d 1071, 1081 (Constitution promises only a fair trial for criminal defendants, not an error-free trial).

Upon a review of the record in light of appellant's asserted errors, it is manifest that appellant has failed to establish that he did not receive a fair and impartial hearing, that appellee abused its discretion in its determination, that he possessed a clear legal right to the relief requested, or that appellee possessed a concomitant clear legal duty to provide the requested relief.  Although the court of appeals' decision could have better addressed each of appellant's specific contentions, its ultimate conclusion was correct.  As noted by the court of appeals as well as appellee, appellant's 1992 psychiatric examination by Dr. Korb could be presented by an application supporting progression of the former illness pursuant to Ohio Adm. Code 3309-1-41(D).

Accordingly, for the foregoing reasons, the judgment of the court of appeals denying appellant's request for a writ of mandamus is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.