Relator, I. deVeda Copeland, has filed this action in mandamus seeking a writ of mandamus that compels respondent, School Employees Retirement System ("SERS"), to vacate its prior orders denying her disability benefits and to enter a new order granting her application for such benefits. Because we find that relator does not have a clear legal right to the relief requested, we deny the writ.
In July of 1997, relator, a former employee of the Cleveland Board of Education, filed a disability retirement application with respondent. In support of her application, relator filed attending physician reports from Daniel Rapport, M.D., her treating psychiatrist, and Sheldon Kaffen, M.D., an orthopedic surgeon. Dr. Rapport certified that relator was disabled due to the primary conditions of major depression and recurrent dysthymia and the underlying conditions of asthma and chronic pain. Dr. Kaffen certified that relator was disabled due to the primary conditions of impingement syndrome both shoulders, chronic cervical myofascitis, chronic lumbar myofascitis, and an underlying condition of major depression.
Pursuant to the requirements of R.C. 3309.39(C) and Ohio Adm. Code 3309-1-41(A), respondent selected three "competent disinterested" physicians to conduct examinations of relator to determine whether she was "physically or mentally incapacitated for performance" of her last assigned job duty by a "disabling condition." In particular, Jeffery C. Hutzler, M.D., a psychiatrist, examined relator as to her claimed conditions of major depression and dysthymia and filed a report with respondent certifying that relator was not physically or mentally incapacitated. Richard A. Katzman, M.D., examined relator as to her claimed condition of asthma and filed a report with respondent certifying that relator was not physically incapacitated. In this report, Dr. Katzman concluded that relator's asthma was "in remission" and that her pulmonary function studies were normal. Finally, Daniel M. Dorfman, M.D., examined relator as to her orthopedic conditions and filed a report certifying that relator was not physically or mentally incapacitated. In this report, Dr. Dorfman concluded that relator's "physical complaints far outweigh the objective findings identified on examination."
Pursuant to the procedures outlined in Ohio Adm. Code3309-1-41(A), the attending physician and independent physician reports were reviewed by three members of the respondent's Medical Advisory Committee, in particular Ernest L. Mazzaferri, M.D., Edwin H. Season, M.D., and Charles F. Wooley, M.D. All three members of the committee agreed that relator was not incapacitated, and each forwarded written recommendations to the chairman of the committee, Dr. Robert Atwell, that relator's application be denied. On December 29, 1997, Dr. Atwell wrote to the members of the School Employees Retirement Board ("the retirement board") stating that the committee members had reviewed all of the information submitted and that on the basis of that information recommended that relator's disability application be denied. On January 16, 1998, the retirement board denied relator's disability retirement application. On January 20, 1998, respondent informed relator by letter of the denial and informed relator of the available appeal procedures.
By letter dated January 23, 1998, relator informed respondent of her intention to appeal and requested a personal appearance before the retirement committee of the retirement board. On April 20, relator filed two additional "psychological reports" in support of her appeal, one by Dr. Rapport and one by psychologist, Stephen A. Kushnick, Ph.D. Both reports concluded that relator was disabled from either a psychiatric or psychological aspect. At respondent's request, Dr. Hutzler reviewed the two additional reports filed by relator and subsequently filed a supplemental report reiterating his prior assessment that relator did not suffer from disabling depression.
On June 5, 1998, Dr. Season, Interim Chairman of the Medical Advisory Committee, wrote to the members of the retirement board informing them that the committee had reviewed the "new medical evidence" submitted by relator and the supplemental report by Dr. Hutzler, that it still believed that relator was not impaired from her regular work duties, and that it recommended that the decision to the application be upheld. By letter dated June 22, 1993, respondent informed relator that all of the submitted medical evidence had been reviewed, that "additional objective medical evidence" in support of her application had not been established, that her request for a personal appearance had been denied, and that on June 19, 1998, the retirement board had upheld their original recommendation to deny relator's disability retirement application.
On September 11, 1998, relator filed this original action in mandamus seeking a writ ordering the reversal of respondent's denial of her disability. Relator alleged that respondent abused its discretion in failing to give proper weight to the opinions of her treating physicians, abused its discretion in failing to consider the combined effects of her psychological and physical conditions, and abused its discretion in denying her request for a personal appearance. After service of process, respondent filed its answer denying that relator was entitled to a writ. Each of the parties filed evidentiary statements and briefs. The case is now before this court for consideration on the merits.
In order to obtain a writ of mandamus, relator must establish that she has a clear legal right to the relief requested, that respondent has a clear legal duty to grant it, and that no adequate remedy at law exists to vindicate the claimed right. State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123,125. Pursuant to R.C. 3309.39, the determination of whether a member of SERS is entitled to disability retirement benefits is solely within the province of the retirement board. State ex rel.McMaster v. School Emp. Retirement Sys. (1994), 69 Ohio St.3d 130,133. However, a determination by the retirement board that an applicant is not entitled to disability retirement benefits is subject to review by mandamus, which may also be utilized to correct any other abuse of discretion in the proceedings. Id.
Relator first contends that respondent abused its discretion in failing to give proper weight and consideration to the opinions of her two treating physicians, Dr. Rapport and Dr. Kaffen. According to relator, the opinions of treating physicians should be accorded "great weight" and that their opinions were "completely ignored without explanation from SERS." (Relator's brief, p. 11.) We find, however, no authority in support of relator's proposition that the opinions of her treating physicians should be accorded more weight than those of the independent medical examiners appointed by SERS. Nor do we agree with relator's contention that respondent "completely ignored" the opinions of her treating physicians.
In support of her contention that the opinions of treating physicians should be accorded greater weight than those of nontreating physicians, relator relies exclusively on U.S. Sixth Circuit Court of Appeals case law applying such a rule in the social security disability context. See, e.g., Walker v.Secretary of Health and Human Services (C.A.6, 1992),980 F.2d 1066, 1070. In the context of SERS disability benefits, however, the Ohio Supreme Court has essentially rejected this approach with its decisions in State ex rel. Schwaben v. School Emp. RetirementSys. (1996), 76 Ohio St.3d 280, and McMaster, supra.
In Schwaben, supra, the applicant's treating physician diagnosed her as suffering from clinical depression, but the disinterested physician appointed by SERS concluded that the applicant was not incapacitated in her ability to do her job. When SERS concurred with the disinterested physician and denied benefits, the applicant filed a mandamus action, which was denied by this court. On appeal to the Ohio Supreme Court, the applicant argued that her treating physician was the only physician competent to adequately assess her condition. Id. at 282. The court rejected this contention and affirmed SERS's denial of benefits, holding that SERS had no duty to rely exclusively on the findings of the member's treating physician. Id. Similarly, inMcMaster, supra, the Supreme Court affirmed SERS's denial of benefits based upon the recommendation of the disinterested physicians despite the contrary conclusions of the applicant's treating physician. As evidenced by the Supreme Court's approach in both Schwaben and McMaster, SERS is not required to accord a treating physician's opinion any more weight than that of the independent medical examiners appointed by SERS.[1]
Similarly, we find that relator's contention that respondent completely ignored or cursorily dismissed the opinions of her treating physicians is not supported by the record. Dr. Mazzaferri generally noted that he had "reviewed the medical documents" pertaining to relator's application and specifically referenced Dr. Rapport's original report. Dr. Season specifically stated that he reviewed Dr. Rapport's report, and Dr. Wooley specifically noted that he reviewed the two attending physician reports and the accompanying medical records. Moreover, both Dr. Altman's written recommendation to the retirement board and the board's notification letter to relator indicated that all medical information was reviewed. Certainly, none of the references to or discussions of the opinions held by the treating physician could be labeled extensive. However, given that neither Dr. Rapport's original report nor Dr. Kaffen's report provided any detailed analysis explaining or supporting its conclusions (especially in contrast to the reports filed by the three independent physicians), it is not surprising that the discussion of Dr. Rapport's and Dr. Kaffen's opinions by the members of the advisory committee and board was limited. In sum, we find that relator has failed to show an abuse of discretion in respondent's treatment of the opinions of relator's treating physicians.
Relator further contends that respondent abused its discretion in not considering the combined effects of relator's mental and physical impairments in making its determination to deny her application. Relator submits that respondent abused its discretion by relying upon the evaluations of the independent medical examiners, none of whom considered the combined effects of all of relator's illnesses, when her application was based upon the combined effects of her impairments, and the medical opinions submitted by her reflected such an assessment. Relator especially relies upon the vocational evaluation of Dr. Kushnick submitted with her appeal. Again, we disagree that respondent abused its discretion in this regard.
First, we find no abuse of discretion by respondent in seeking independent medical examinations by separate specialists in those areas related to the separate conditions alleged in relator's application. R.C. 3309.39(C) requires that a "medical
examination * * * be conducted by a competent disinterestedphysician or physicians selected by the retirement board to determine whether the member is mentally or physically incapacitated for the performance of the member's last assigned primary duty as an employee by a disabling condition." Here, three disinterested specialists were selected to evaluate the three general medical conditions included in relator's application, i.e., those related to her depression, those related to her asthma, and those related to her orthopedic ailments. This approach was consistent with the requirements of the statute.
Moreover, even though the independent medical examiners limited each of their evaluations to the separate conditions at issue, there is no evidence that the evaluations by the members of the medical advisory committee or the retirement board were similarly limited in their assessment of relator's condition. As noted above, the medical advisory committee and the retirement board reviewed all of the evidence submitted, including those of relator's treating physicians. As such, relator cannot show that respondent failed to consider the combined effect of her multiple illnesses, and as such, cannot show any abuse of discretion in this regard.
Relator finally contends that respondent abused its discretion by denying her a personal appearance before the retirement board's retirement committee as part of her appeal. Relator argues that she satisfied the requirements of Ohio Adm. Code 3309-1-41(B)(3) and (4) entitling her to such an appearance.
Under Ohio Adm. Code 3309-1-41(B)(4), an applicant may request, as part of an administrative appeal, a personal appearance before the retirement board's retirement committee. Said request must be in writing and must be submitted to the retirement board within fifteen days of the date on the notice of the denial of benefits. However, a personal appearance will not be granted unless "additional objective medical evidence" is submitted to the retirement board within ninety days from the notice of denial. Id. Ohio Adm. Code 3309-1-41(B)(3) defines "additional objective medical evidence" as:
 * * * [C]urrent medical evidence documented by a licensed physician specially trained in the field of medicine pertinent to the illness or injury for which disability is claimed, and such evidence itself has not, heretofore, been submitted, and such evidence does not merely contain or reiterate findings of information contained in documents or evidence previously submitted.
Respondent denied relator's request for an appearance on the grounds that she failed to submit additional objective medical evidence. Relator contends that the second "narrative report" from Dr. Rapport and the psychological report from Dr. Kushnick, Ph.D., submitted with her appeal constituted additional objective medical evidence under the rule. We disagree.
First, Dr. Kushnick is a licensed psychologist, not a physician. As such, his report does not constitute medical evidence "documented by a licensed physician specially trained in the field of medicine" as required under the rule. See McMaster,supra, at 136 (psychological evaluation by a licensed psychologist does not satisfy rule's "licensed physician" requirement). Second, Dr. Rapport's narrative report includes no additional findings or information not otherwise previously contained in the evidence previously submitted. Rather, the report merely provides a more detailed analysis in support of Dr. Rapport's prior conclusions and summarizes his disagreement with the conclusions reached by Dr. Hutzler. In short, it is not the type of evidence satisfying the rule's definition of "additional medical evidence." We find, therefore, no abuse of discretion in denying relator's request for a personal appearance.
The dissent maintains that relator is entitled to a limited writ ordering the respondent to issue a new order more adequately explaining its decision denying her application and reflecting a weighing of the conflicting medical reports. The dissent notes that such orders are required in the workers' compensation context under State ex rel. Noll v. Indus. Comm.
(1991), 57 Ohio St.3d 203. We do not find, however, that compliance with the mandates of Noll is mandated by the applicable statutes, regulations, or case law governing disability benefit determinations under SERS.
Specifically, R.C. 3309.39 is silent as to the obligation of SERS when it denies disability benefits. Under Ohio Adm. Code 3309-1-41(B)(1), SERS is only required to issue a "notice of denial" to the applicant informing her of the medical evaluation, the board's decision, and the procedures for and right to appeal. Similarly, under Ohio Adm. Code 3309-1-41(D), if SERS concurs with a recommendation for denial of an appeal, SERS is only required to notify an applicant by letter of such decision.
Thus, while this court has recently extended the requirements of Noll in the context of disability determinations under the Public Employees Retirement System ("PERS"), see, e.g.,State ex rel. Green v. Publ. Empl. Retirement Sys. (June 22, 1999), Franklin App. No. 98AP-567, unreported (1999 Opinions 1720), we did so in part because the regulations at issue there specified that the PERS board shall state the basis for its denial. Here, nothing in the statute or regulation suggests that the SERS retirement board or the members of its medical advisory board must issue a decision in the nature sought by the dissent.
For the foregoing reasons, we find that relator has not established a clear legal right to the relief requested. Therefore, her request for a writ of mandamus is denied.
Writ of mandamus denied.
PETREE, J., concurs.
TYACK, J., dissents.
[1] In fact, some could argue that the language of R.C. 3309.39
precludes SERS from approving disability retirement benefits, at least initially, unless a disinterested physician selected by SERS first determines that the member qualifies for such benefits. R.C. 3309.39(E) indicates that disability benefits are to be awarded only if "the physician or physicians determine that the member qualifies for a disability benefit." A fair reading of this language is that the phrase "physician or physicians" refers to those same "physician or physicians" selected by the retirement board to conduct medical examinations of the applicant pursuant to R.C. 3309.39(C). Under this interpretation, treating physician reports are accorded no weight other than to provide a medical basis for the application from which the independent medical examiners can use in their evaluations. However, considering that respondent has not argued this interpretation of the statute, we do not directly address it here.