DECISION IN MANDAMUS ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Diane Z. Lecklider, commenced this original action requesting a writ of mandamus ordering respondent, School Employees Retirement System ("SERS"), to vacate its denial of her application for disability benefits as being against the manifest weight of the evidence, arbitrary, capricious, and unreasonable, and ordering SERS to approve her application for disability benefits or, in the alternative, ordering SERS to hold another hearing wherein relator is permitted to appear in person.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate found that SERS did not abuse its discretion in denying relator disability benefits and in refusing to allow relator to appear in person before it. The magistrate noted that a competent disinterested physician selected by SERS opined that a permanent lifting restriction not to exceed 25 pounds would be appropriate, but that otherwise, relator was not physically incapacitated from performing her job duties. Furthermore, the job description provided by relator did not contain any specific lifting requirements. The magistrate also found that, in the absence of additional objective medical evidence, relator was not entitled to a personal appearance before SERS pursuant to Ohio Adm. Code 3309-1-41(A)(4). Therefore, the magistrate recommended that this court deny the requested writ of mandamus.
 {¶ 3} Relator has filed objections to the magistrate's decision. First, relator argues that SERS does not explain how Dr. Cooperman could conclude that relator was capable of performing her job which required lifting up to 50 pounds when he recommended a 25 pound lifting limit. However, SERS did not abuse its discretion in denying relator disability benefits in light of the fact that relator was required to utilize the team concept in lifting heavy containers and that if something was too heavy to lift using the team concept, relator was instructed to contact the building janitor.
 {¶ 4} Second, relator objects to the magistrate's finding that SERS did not abuse its discretion in denying relator's request for a personal appearance because Dr. Lim-Kong's December 16, 2002 letter did not constitute additional objective medical evidence. However, as the respondent correctly points out, Dr. Lim-Kong's report merely reiterates information previously submitted. Therefore, it did not constitute additional objective medical evidence as defined by Ohio Adm. Code 3309-1-41(A)(2).
 {¶ 5} Lastly, relator objects to the magistrate's finding that SERS did not abuse it discretion in refusing to consider the affidavit of Sharon Deeter. Sharon Deeter's affidavit is not medical evidence. Therefore, this evidence did not constitute additional objective medical evidence pursuant to Ohio Adm. Code3309-1-41(A)(4) and relator was not entitled to a personal appearance before SERS.
 {¶ 6} For these reasons, as well as those set forth in the magistrate's decision, the objections are overruled.
 {¶ 7} Following an independent review of this matter, we find that the magistrate properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we deny the requested writ of mandamus.
Objections overruled; writ of mandamus denied.
Brown and Watson, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Diane Z. Lecklider, : Relator, : v. : : No. 03AP-535 School Employees Retirement System, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION IN MANDAMUS {¶ 8} Relator, Diane Z. Lecklider, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, School Employees Retirement System ("SERS"), to vacate its denial of her application for disability benefits as being against the manifest weight of the evidence, arbitrary, capricious, and unreasonable, and ordering SERS to approve her application for disability benefits or, in the alternative, ordering SERS to hold another hearing wherein relator is permitted to appear in person.
 Findings of Fact {¶ 9} 1. Relator was employed as the head cook for Greenville City Schools and had been in that position for 27 years.
 {¶ 10} 2. On October 18, 2001, relator had rectocele surgery.
 {¶ 11} 3. On March 13, 2002, relator submitted an application for disability retirement. As part of her application, relator submitted job descriptions for her job as head cook as well as food service cashier. Neither of the job descriptions contained any requirements with regard to lifting. As head cook, relator was responsible for the preparation of the daily menu, making short-term work assignments, assumed responsibility for maintaining a clean kitchen, was responsible for ordering supplies and informing the manager when equipment needed repaired or replaced, kept inventory, supervised and instructed kitchen personnel, assumed responsibility for the security, storage and care of food and supplies, and was required to be physically capable of lifting food containers as required and otherwise be in good health. Relator's treating physician, Dr. Maria B. Lim-Kong, certified that relator was physically incapacitated for a period of at least 12 months and is therefore unable to perform the duty for which she was formerly responsible as a school employee. Pursuant to a letter dated February 27, 2002, Dr. Lim-Kong indicated that relator could work a maximum of four hours per day and that she could not lift more than five pounds.
 {¶ 12} 4. By a letter dated April 2, 2002, SERS specifically requested that relator submit a copy of a detailed job description.
 {¶ 13} 5. Pursuant to Ohio Adm. Code 3309-1-40(D), relator was required to undergo a medical examination by a disinterested physician assigned by SERS to conduct medical examinations of a disability applicant. Relator was seen by Dr. John D. Baluch, a urologist, who examined relator on April 23, 2002. Dr. Baluch indicated that relator has rectal pain and spasm secondary to lifting. He recommended that relator be evaluated by a pain specialist and consider a clinical trial of Valium as a smooth muscle relaxer. However, Dr. Baluch concluded that, as a urologist, he could not make a recommendation to either allow or disallow medical disability.
 {¶ 14} 6. Dr. Timothy J. Fallon reviewed relator's records and concluded that relator should be evaluated by a colon and rectal surgeon to determine whether she could continue in her work activity.
 {¶ 15} 7. Relator's disability application was reviewed by Dr. Charles F. Wooley who initially determined that, in his opinion, relator was not permanently incapacitated from the performance of her usual duties as a head cook. However, following discussions with other members of the Medical Advisory Committee ("MAC"), Dr. Wooley recommended an additional medical evaluation prior to the determination of disability.
 {¶ 16} 8. Relator's application was also reviewed by Dr. Barry Friedman who also recommended a second disability evaluation prior to a determination.
 {¶ 17} 9. Ultimately, relator was referred to Dr. Marc Cooperman who examined her and issued a report dated August 7, 2002. Dr. Cooperman concluded that relator was not physically incapacitated for a period of at least 12 months and that she is able to perform the duties for which she was responsible as a head cook. Specifically, Dr. Cooperman recommended as follows:
Ms. Lecklider is employed as a head cook in a school cafeteria. She is periodically required to lift boxes of food that weigh up to 50 pounds. By history, heavy lifting causes her to experience rectal spasms and a feeling of perineal fullness. If she avoids this type of activity she is asymptomatic. Her treating physican has placed her on an indefinite five (5) pound lifting restriction.
On physical examination, Ms. Lecklider appears to have had an excellent result from her surgery. There is currently no evidence of rectocele recurrence. Rectal examination is normal as well. Based on her examination, I do not find any basis to determine that she is unable to perform her job related duties. The repair of a rectocele, like the repair of any other hernia, does not per se prevent a patient from resuming unrestricted activities. Strenuous lifting, however, may clearly be a precipitating event in the recurrence of a rectocele. Therefore[,] I do think that a permanent restriction on lifting, limiting her to 25 pounds would be indicated.
 {¶ 18} 10. After receiving the report from Dr. Cooperman, the MAC unanimously decided that relator was not disabled from the performance of her duties and should not be retired. Drs. Friedman, Wooley, and Fallon all concurred.
 {¶ 19} 11. By letters dated September 4, 2002 and September 16, 2002, relator was informed that the MAC had recommended that her application for disability retirement be denied and that the retirement board agreed with the recommendations to disapprove her application. Relator was informed of her right to appeal.
 {¶ 20} 12. Relator submitted an appeal and requested that she be permitted to make a personal appearance before the retirement committee.
 {¶ 21} 13. By letter dated September 27, 2002, relator was informed as follows regarding her appeal:
In reference to your written appeal and request for a personal appearance received September 25, 2002, additional objective medical evidence must meet the following requirements or all rights to appeal shall cease and no personal appearance will be considered:
be current in relation to the disability claimed on the application; and
consist of information not already considered by SERS; and
be documented by a licensed physician specially trained in the medical field of the disability claimed; and
be received in our office no later than December 15,2002[.]
(Emphasis sic.)
 {¶ 22} 14. In response, relator submitted the December 6, 2002 affidavit of Sharon F. Deeter, food service director/food service manager for the Greenville City Board of Education. Ms. Deeter specifically stated as follows in her affidavit:
That the individual performing the tasks of Head Cook is required to lift food containers, bags, commodities, etc., in the following manner as instructed at the initial monthly meeting of head cooks and the general meeting of all food service personnel:
Individuals are instructed to use the team concept in lifting heavy food containers, bags, commodities, cases, etc. Each individual is instructed to contact the building janitor if the commodity is too heavy for lifting by the team concept. The commodities in cases herein described may weight more than 25 pounds.
 {¶ 23} 15. Relator also submitted an additional letter from Dr. Lim-Kong dated October 24, 2002, wherein Dr. Lim-Kong stated as follows:
Since surgery and up to the present time, she is unable to do any heavy exertion, like, lifting or pushing heavy objects. When she does, she develops rectal and pelvic spasm.
I recommend that Ms. Lecklider continue to rest. She will not be able to perform any job in the cafeteria, according to its job description, for an indefinite period of time.
 {¶ 24} 16. Pursuant to an inquiry, Dr. Lim-Kong submitted an additional letter dated December 16, 2002, wherein she stated as follows:
* * * In response to your inquiry[,] it is my recommendation that the maximum amount of weight that Diane should currently lift is 10 pounds. The weight limitation is not permanent[,] however[,] it does extend for a period of 12 consecutive months, from May 14, 2002. After May 2003 we will see Diane in the office and re-evaluate her situation. At that time we will be able to provide you with an updated lifting restriction.
 {¶ 25} 17. Thereafter, by letters dated December 31, 2002 and January 21, 2003, relator was informed that her disability retirement was denied.
 {¶ 26} 18. Thereafter, relator filed the instant mandamus action in this court.
 Conclusions of Law {¶ 27} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. For the reasons that follow, this magistrate concludes that relator is not entitled to a writ of mandamus.
 {¶ 28} Pursuant to R.C. 3309.39, the determination of whether a member of SERS is entitled to disability retirement benefits is solely within the province of the retirement board. State exrel. McMaster v. School Emp. Retirement Sys. (1994),69 Ohio St.3d 130. However, a determination by the retirement board that an applicant is not entitled to disability retirement benefits is subject to review by mandamus, which may also be utilized to correct any other abuse of discretion in the proceedings. Id. The term "abuse of discretion" means an unreasonable, arbitrary, or unconscionable decision. State ex rel. Pipoly v. State TeachersRetirement Sys., 95 Ohio St.3d 327, 2002-Ohio-2219, citingState ex rel. Elsass v. Shelby Cty. Bd. of Commrs. (2001),92 Ohio St.3d 529, 533.
 {¶ 29} Relator contends that the SERS decision denying her disability benefits constitutes an abuse of discretion and that the board's refusal to allow her to appear in person denied her constitutional rights. For the reasons that follow, this magistrate disagrees.
 {¶ 30} Pursuant to R.C. 3309.39(C), relator was referred to a competent disinterested physician selected by SERS to determine whether she was physically incapacitated for the performance of her last assigned primary duty as an employee by a disabling condition either permanent or presumed to be permanent for 12 continuous months following the filing of an application. Relator was referred to Dr. Baluch who issued a report dated April 23, 2002. Because Dr. Baluch indicated that he was unable to give an opinion as to her disability, the MAC referred her to Dr. Cooperman. In his report dated August 7, 2002, Dr. Cooperman indicated that a permanent restriction on lifting limiting her to 25 pounds would be appropriate but that otherwise, she was not physically incapacitated from performing her job duties.
 {¶ 31} In support of her argument, relator asserts that her treating physician placed a ten pound lifting restriction on her and that her job required her to lift food containers which weighed up to 50 pounds. As such, relator contends that the medical evidence submitted by her doctor clearly establishes that she could not perform her prior duties.
 {¶ 32} In State ex rel. Schwaben v. School Emp. RetirementSys. (1996), 76 Ohio St.3d 280, the court stated that R.C.3309.39(C) does not require that SERS consider only the findings of the member's treating physician. As such, SERS was not required to accept that relator had lifting restrictions of only ten pounds. Furthermore, the job description which relator provided to SERS does not contain any lifting requirements or restrictions in it except to say that, as head cook, relator must be capable of lifting food containers as required. In making its initial determination to deny her disability benefits, relator had failed to provide SERS with any indication of what her lifting requirements were. There could be no argument that relator bore the burden of proof on the issue of whether or not she was incapacitated from performing her job. Relator points out that, after SERS denied her application for disability retirement, on appeal, relator submitted an affidavit from the director indicating that, as part of her job description, she was required to lift containers which weighed as much as 50 pounds. Ohio Adm. Code 3309-1-41 provides a procedure for appealing from the denial of disability benefits. Pursuant to Ohio Adm. Code3309-1-41(A)(2), relator had the right to submit additional objective medical evidence on appeal. Pursuant to Ohio Adm. Code3309-1-41(A)(3), additional objective medical evidence means:
* * * [C]urrent medical evidence documented by a licensed physician specially trained in the field of medicine pertinent to the illness or injury for which disability is claimed, and such evidence itself has not, heretofore, been submitted, and such evidence does not merely contain or reiterate findings of information contained in documents or evidence previously submitted. * * *
 {¶ 33} The affidavit from Ms. Deeter, relator's director, indicating that she was required to lift as much as 50 pounds, does not meet the definition of additional objective medical evidence. SERS did not abuse its discretion in adopting its prior decision to deny her disability benefits.
 {¶ 34} Furthermore, relator was not entitled to a personal appearance before SERS with regard to her appeal. Pursuant to Ohio Adm. Code 3309-1-41(A)(4), relator had the right to request a personal appearance. However, that subsection further provides:
* * * A personal appearance will not be granted unless "additional objective medical evidence" as defined in para-graph (A)(3) of this rule is received by the retirement board within ninety days from the date on the notice of denial or termination. * * *
 {¶ 35} Inasmuch as relator failed to provide additional objective medial evidence, she was not entitled to a personal appearance. Furthermore, from a constitutional standpoint, relator was not entitled to a personal appearance. In Ohio, entitlement to a benefit does not exist until the time of the taking of a benefit. See, e.g., State ex rel. Horvath v. StateTeachers Retirement Bd. (1998), 83 Ohio St.3d 67. Under R.C.3309.661 and 3309.01(O), a vested right in a disability retirement benefit is acquired only when the benefit is granted. In the present case, no such benefit was granted to relator and, therefore, no property right was created which relator had a constitutional right to protect.
 {¶ 36} Based on the foregoing, this magistrate concludes that relator has not demonstrated that the School Employees Retirement System abused its discretion when it denied her disability benefits and relator is not entitled to a writ of mandamus.
 /S/ Stephanie Bisca Brooks
 STEPHANIE BISCA BROOKS MAGISTRATE