[THE STATE EX REL.] STILES, APPELLANT, *v.* SCHOOL
EMPLOYEES RETIREMENT SYSTEM, APPELLEE.

[Cite as *State ex rel. Stiles v. School Employees Retirement
Sys.,* 102 Ohio St.3d 156, 2004-Ohio-2140.]

(No. 2003–1661—Submitted March 15, 2004—Decided May 12, 2004.)

Per Curiam.

{¶ 1} Appellant, Mildred Stiles, was employed as a bus driver for Nordonia Hills City Schools. On March 1, 1999, Stiles was injured when the driver's seat of her bus collapsed while she was driving. Stiles has not worked since that date.

{¶ 2} On August 20, 1999, Stiles had back surgery, i.e., a microlaminectomy and discectomy. In January 2001, Stiles had another laminectomy and also had a dorsal-column stimulator surgically implanted to alleviate her back pain. Subsequently, the stimulator was removed after the area around it became infected.

{¶ 3} In June 2001, Stiles applied to appellee, School Employees Retirement System ("SERS"), for disability retirement benefits. Stiles also submitted a report from her treating physician, James P. Bressi, D.O. Dr. Bressi diagnosed Stiles as having a displaced lumbar disk and chronic cervical, lumbar, and sacral sprain. Dr. Bressi concluded that Stiles would remain physically incapacitated for at least the next 12 months and was unable to perform her previous duties as a bus driver.

{¶ 4} Upon SERS's request, Nancy M. Vaughan, M.D., examined Stiles. Dr. Vaughan conducted a physical examination of Stiles and reviewed her medical records and job description. Dr. Vaughan concluded that Stiles had pain that

was disproportionate to objective physical findings and that her condition would improve in six to nine months with physical therapy, a flexibility program including aquatic therapy, myofascial release, ultrasound therapy, range-of-motion exercises, nonsteroidal medication, a tricyclic antidepressant to improve sleep, and a weight-loss program. In Dr. Vaughan's opinion, Stiles was not permanently disabled from being able to carry out her duties as a school bus driver.

{¶ 5} SERS then notified Stiles and Dr. Bressi that it would delay processing her disability-retirement application until she received the additional treatment recommended by Dr. Vaughan.

{¶ 6} Thereafter, Stiles submitted additional reports by a physician and a psychologist diagnosing Stiles as being disabled due to depression. SERS had psychiatrist Jeffery C. Hutzler, M.D., examine Stiles. Dr. Hutzler diagnosed Stiles as having generalized anxiety disorder and concluded that Stiles was "not incapacitated in her ability to drive a bus from a psychiatric standpoint in any way."

{¶ 7} In December 2001, Stiles advised SERS that she was declining to follow Dr. Vaughan's recommended treatment, based on Dr. Bressi's conclusion that Dr. Vaughan's suggested treatment would not improve her condition.

{¶ 8} Thereafter, the medical advisory committee reviewed the application and evidence and concluded that Stiles was not permanently disabled from performing her duties as a school bus driver. On April 18, 2002, SERS adopted the committee's recommendation and denied Stiles's application for disability retirement benefits.

{¶ 9} Stiles appealed from the denial of her application and submitted additional evidence. The medical advisory committee recommended that the appeal be denied. On September 13, 2002, SERS upheld its original decision denying Stiles's application.

{¶ 10} On November 29, 2002, Stiles filed a complaint for a writ of mandamus and a declaratory judgment to compel SERS to vacate its denial and grant her application for disability retirement benefits. SERS filed an answer, and the parties submitted evidence and briefs.

{¶ 11} On August 5, 2003, the court of appeals refused to issue a writ. The court of appeals rejected Stiles's claim that SERS abused its discretion by not conducting a vocational analysis to determine whether she could perform her former job as a bus driver.

{¶ 12} This cause is now before the court upon Stiles's appeal as of right.

{¶ 13} "The Public School Employees Retirement System was established for the purpose of providing retirement allowances and other benefits to public

school employees other than teachers." *State ex rel. McMaster v. School Emp. Retirement Sys.* (1994), 69 Ohio St.3d 130, 133, 630 N.E.2d 701, citing 1 Baker & Carey, Ohio School Law (1993) 399, Section 8.25. Under R.C. 3309.39(C), in order to be entitled to disability retirement benefits, a SERS member must be mentally or physically incapacitated for the performance of the member's last assigned primary duty by a disability condition that is either permanent or presumed to be permanent for at least the 12 months following the filing of the application for benefits. Because there is no provision for appealing a final SERS decision, mandamus is available to correct any abuse of discretion by SERS. *McMaster,* 69 Ohio St.3d at 133, 630 N.E.2d 701. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Van Dyke v. Pub. Emp. Retirement Bd.,* 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 21.

### Vocational Evaluation

{¶ 14} Stiles asserts that SERS abused its discretion by not including a vocational analysis in its disability retirement determination and by assuming that medical doctors have sufficient vocational expertise to render an opinion concerning a claimant's ability to perform her last job. Stiles's assertion is meritless.

{¶ 15} As the court of appeals correctly concluded, "[n]othing in the applicable statutes, regulations or case law requires that SERS [obtain a report from a vocational expert]." "It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the *legislative branch of government,* and courts are not authorized to create the legal duty enforceable in mandamus." (Emphasis sic.) *State ex rel. Pipoly v. State Teachers Retirement Sys.,* 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18. R.C. 3309.39 to 3309.41 and Ohio Adm.Code 3309–1–40 do not impose any duty on SERS to obtain a vocational analysis from a nonmedical expert.

{¶ 16} Moreover, R.C. 3309.39(C) *expressly authorizes* physicians to make the pertinent determination:

{¶ 17} "Medical examination of a member who has applied for a disability benefit shall be conducted by a competent disinterested physician or physicians selected by the retirement board to determine whether the member is mentally or physically incapacitated for the performance of the member's last assigned primary duty as an employee * * *."

{¶ 18} Furthermore, unlike the Industrial Commission's duty in determining permanent total disability, or the Social Security Administration's duty in determining Social Security disability, the duty of SERS in determining disability retirement is more limited:

{¶ 19} "In an SERS determination of disability retirement * * * the *only* question is whether the applicant can return to his former duties. SERS need not determine the applicant's residual medical capacity for other types of work, nor does it evaluate the applicant's education, work history, existing skills, trainability, vocational efforts, age, etc., in regard to ability to do some other kind of work. The entire issue before the SERS retirement board is whether the applicant is medically capable of returning to the former duties, which is merely the threshold stage of a PTD determination." (Emphasis sic.) *State ex rel. Schmidt v. School Emp. Retirement Sys.*, 150 Ohio App.3d 597, 2002-Ohio-6757, 782 N.E.2d 654, ¶ 75; see, also, *Barnhart v. Thomas* (2003), —— U.S.——, 124 S.Ct. 376, 379–380, 157 L.Ed.2d 333 (discussing the five-step evaluation used to determine Social Security disability).

{¶ 20} Stiles's reliance on Social Security disability regulations to support her assertion that a vocational analysis was required is misplaced. As previously mentioned, a Social Security disability determination is different from an SERS disability retirement decision. See, e.g., *Conley v. Pitney Bowes* (C.A.8, 1999), 176 F.3d 1044, 1050 (the type of evaluation of employability that requires vocational experts "is the special creature of social security" and is not applicable to a different retirement benefits case); *Douglas v. Gen. Dynamics Long Term Disability Plan* (C.A.6, 2002), 43 Fed.Appx. 864. And even in Social Security disability cases, the Social Security Commissioner need not use a vocational expert when determining whether a claimant is able to perform tasks necessary for gainful employment. *Key v. Callahan* (C.A.6, 1997), 109 F.3d 270, 274.

{¶ 21} Finally, the record contains sufficient evidence to support the SERS's decision denying Stiles's application for disability retirement benefits. The record includes the employer's description of Stiles's job duties as a bus driver. Dr. Vaughan, Dr. Hutzler, and the medical advisory committee all concluded that Stiles was not disabled for purposes of R.C. 3309.39. Therefore, the SERS's decision denying disability retirement benefits was neither unreasonable, arbitrary, nor unconscionable. The court of appeals properly refused to issue a writ. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Michael A. Malyuk Co., L.P.A., and Michael A. Malyuk, for appellant.

Jim Petro, Attorney General, and Judith T. Edwards, Assistant Attorney General, for appellee.