[Cite as *Green v. Myles*, 2013-Ohio-371.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98251**

## JOHNNIE R. GREEN

PLAINTIFF-APPELLANT

vs.

## ADRIAN MYLES, ET AL.

DEFENDANTS-APPELLEES

### JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-757358

**BEFORE:** S. Gallagher, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 7, 2013

**ATTORNEYS FOR APPELLANT**

William A. Carlin
William P. Smith
Carlin & Carlin
29325 Chagrin Blvd.
Suite 305
Pepper Pike, OH   44122

**ATTORNEYS FOR APPELLEES**

Anne M. Markowski
Joseph H. Wantz
Williams, Moliterno & Scully Co.
2241 Pinnacle Parkway
Twinsburg, OH   44087

SEAN C. GALLAGHER, P.J.:

{¶1} Plaintiff-appellant, Johnnie R. Green, appeals the judgment of the Cuyahoga County Court of Common Pleas in favor of defendant-appellee, Adrian Myles. For the reasons stated herein, we reverse the judgment and remand the matter for a new trial.

{¶2} On June 2, 2010, Green, who was riding his bicycle through a crosswalk, was involved in an accident with an automobile driven by Adrian Myles ("Myles"). As a result of the accident, Green sustained a broken femur, which required the insertion of an intramedullary rod into his leg.

{¶3} Green filed this action alleging that Myles operated her vehicle in a reckless and/or negligent manner.[1] The matter proceeded to a jury trial.

{¶4} The accident occurred on June 2, 2010, at a crosswalk on South Moreland Avenue at Shaker Square. Green testified that he was riding a 26-inch mountain bike, and when he got to the crosswalk, he saw a car coming and he stopped. Though reference was made to the vehicle making a rolling stop, Green stated: "I remember the car pulling up and I took off, and at the same time, the car took off, as much as I can remember." He claimed that the car struck him on his left knee and he was thrown to the street. He was in a lot of pain. On cross-examination, he testified that he did not remember if the car stopped or not at the stop sign. He stated he saw the car approaching

---

[1] Chuck Myles, the alleged owner of the vehicle, was also named as a defendant in the action but was voluntarily dismissed.

the stop sign and that was all he remembered. He further testified that his bicycle was not damaged at all in the accident. During the trial, the court denied Green's request to show the bicycle to the jury.

{¶5} Testimony was also introduced from witnesses to the accident. One witness, who was working inside a Dave's Supermarket, claimed she observed that the man on the bicycle had stopped and looked for traffic, that the vehicle had not stopped at the stop sign, that the vehicle struck the man in the crosswalk, and that the vehicle kept going and did not stop until onlookers getting off a nearby bus yelled. Another witness, who was at Dave's Supermarket and knows Green, stated that she saw a car knock Green off his bicycle and that the car had not stopped at the stop sign. However, she did not see if Green had stopped to look for traffic before entering the crosswalk.

{¶6} Myles testified that she stopped at the stop sign and looked, but did not observe anyone coming into the crosswalk. She stated that when she proceeded to go forward, there was nobody inside the crosswalk. She claimed that Green then struck her car on the right side of the fender. She testified she checked on her son, who is prone to seizures, and then went to check on Green, who was visibly in pain. Photographs were introduced depicting a dent to the vehicle above the front wheel well. The dent measured 35 inches from the ground.

{¶7} The jury returned a verdict in favor of the defendant. This appeal followed.

{¶8} Green raises three assignments of error for our review. His first assignment of error provides as follows:

The trial court erred by giving a jury instruction that was not agreed to by the parties and was in fact, a recitation of a theme and/or tag line from the appellee's closing argument.

**{¶9}** We review a trial court's decision on jury instructions for an abuse of discretion. *Cox v. MetroHealth Med. Ctr. Bd. of Trustees*, 2012-Ohio-2383, 971 N.E.2d 1026, ¶ 62. "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." *State ex rel. Stiles v. School Emps. Retirement Sys.*, 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 13.

**{¶10}** In this matter, the parties agreed to a set of written jury instructions. When reading the instruction for "preponderance of the evidence" to the jury, the trial court inserted additional language, stating as follows:

A preponderance means evidence that is more probable, more persuasive, or * * * of a greater probative value. It is the quality of the evidence that should be weighed. Quality may or may not be identified with quantity.

*In other words, you know you sat and you listened, and I know that you know what makes sense and what doesn't by now.*

*But if somebody says something over and over and over again, that doesn't mean that it's got to be true. It simply means that somebody says something over and over and over again.*

So you have to consider all of the evidence and in determining whether an issue has been proved by a preponderance of the evidence you should consider all of it, regardless of who brought the evidence forward.

(Emphasis added.)

**{¶11}** Plaintiff's counsel objected to the trial court's inclusion of the language that "if somebody says something over and over and over again, that doesn't mean that it's got to be true." Green argues that this aspect of the instruction, which had not been agreed to

by the parties, was an expression that had been repeated throughout defense counsel's closing argument. Green contends that this instruction effectively endorsed the defendant's argument.

**{¶12}** R.C. 2315.01(A)(7) instructs that when the court reads written instructions to the jury, "the court shall not orally qualify, modify, or in any manner explain the charge or instruction to the jury." We recognize that not every instance in which a trial court fails to read verbatim the written jury instructions results in reversible error. However, when a court fails to adhere to the mandates of R.C. 2315.01(A)(7), challenges of bias or prejudice may arise.

**{¶13}** Here, although the trial court made similar statements during its opening instruction to the jury, the statements were not included in the written jury instructions that were agreed to by the parties, and plaintiff's counsel timely objected to the trial court's interjection of a theme that was repeated in defense counsel's closing arguments. Under these circumstances, when coupled with the limits placed on plaintiff's counsel during closing argument, an appearance of bias was created that prejudiced Green's right to a fair trial. Therefore, Green's first assignment of error is sustained.

**{¶14}** Green's second assignment of error provides as follows:

> The trial court erred by denying the appellant the right to conduct his rebuttal summation of closing arguments resulting in an unequal allotment of time that prejudicially affected the appellant.

**{¶15}** It is within a trial court's sound discretion to limit the duration of closing arguments, as long as the time given is reasonable under the circumstances of the case

and of such length as not to impair the right of argument or to deny a full and complete defense. *Braeunig v. Russell*, 170 Ohio St. 444, 166 N.E.2d 240 (1960), citing 53 American Jurisprudence, Section 461, at 364. The decision of the trial court will not be interfered with in the absence of a clear showing of its abuse to the prejudice of the substantial rights of the complaining party. *Id.*

{¶16} Green claims that the trial court denied him the opportunity to make a rebuttal summation during closing argument. The record reflects that the trial court allotted each side 15 minutes for closing argument. Plaintiff's counsel asked to split his argument, with 10 minutes allocated before defendant's closing argument and 5 minutes for rebuttal, to which the trial court agreed. However, after plaintiff's counsel concluded his initial argument, the trial court indicated that counsel had used his entire 15 minutes. Plaintiff's counsel argued that he had used only 13 minutes, and the staff attorney indicated "he might have two minutes." However, the trial court concluded that all 15 minutes had been used. Thus, no rebuttal time was afforded to plaintiff's counsel.

{¶17} We find that in this instance, the trial court prejudiced Green's substantial right to a fair trial. Although the trial court initially indicated it would allow both sides 15 minutes for argument, it refused to allow Green's counsel to present a rebuttal despite the staff attorney's representation that two minutes remained. This occurred in the presence of the jury. Under the circumstances herein, we find the court's refusal to afford Green the opportunity to present a rebuttal argument gave an appearance of

impropriety and deprived the defendant of a trial that was fundamentally fair. Green's second assignment of error is sustained.

{¶18} Green's third assignment of error provides as follows:

The trial court erred by refusing to admit into evidence the bicycle on which the appellant was riding at the time of the accident.

{¶19} The admission of evidence lies within the broad discretion of the trial court. *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, 834 N.E.2d 323, ¶ 20. A reviewing court will uphold an evidentiary decision absent an abuse of discretion that has affected the substantial rights of the adverse party or is inconsistent with substantial justice. *Beard* at ¶ 20.

{¶20} "All relevant evidence is admissible, except as otherwise provided by [federal and state law.]" Evid.R. 402. Evidence is considered relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Nevertheless, even relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). Further, relevant evidence "may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." Evid.R. 403(B).

{¶21} Green claims that the trial court abused its discretion by refusing to allow the jury to observe the bicycle, which he testified was in substantially similar condition as it was on the day of the collision. He argues that the admission of the bicycle would

have confirmed his version of events because it was free of damage and would have shown the jury that it could not have made the dent in Myles's vehicle. The trial court determined that the bicycle was inadmissible because it was more prejudicial than probative and the court had concerns with the chain of custody.

{¶22} The record reflects that Green testified his knee made contact with the vehicle and his bicycle did not touch the car. Further, Green offered unrefuted testimony that his bicycle did not suffer any damage. The jury heard evidence establishing that Green was on a 26-inch bicycle and that the vehicle's dent was 35 inches from the ground. The dimensions of the bicycle were not disputed. Thus, although the condition of the bicycle was relevant to the case, the admission of the bicycle arguably would have been a needless presentation of evidence. We also recognize that plaintiff's counsel had ample opportunity to cross-examine the defendant regarding allegations concerning the dent.

{¶23} Though we may have decided differently from the trial court, upon the record before us, we are unable to conclude that the exclusion of the bicycle affected the substantial rights of Green or is inconsistent with substantial justice. Green's third assignment of error is overruled.

{¶24} Judgment reversed; case remanded for a new trial.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR