[Cite as *State v. Khrinyuk*, 2013-Ohio-498.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98857**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# OLEG KHRINYUK

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-553443

**BEFORE:** S. Gallagher, J., Stewart, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** February 14, 2013

**ATTORNEY FOR APPELLANT**

Eric M. Levy
55 Public Square
Suite 1600
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mark J. Mahoney
        Kristen L. Sobieski
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.  Appellant, Oleg Khrinyuk, appeals the judgment of the Cuyahoga County Court of Common Pleas that denied his postsentence motion to withdraw his guilty plea.   For the reasons stated herein, we affirm the decision of the trial court.

{¶2} On October 3, 2011, appellant was indicted on charges of drug trafficking, drug possession, and possessing criminal tools, all with forfeiture specifications.  He initially entered a plea of not guilty.   On January 23, 2012, he entered a change of plea to guilty to the drug trafficking charge, a fourth-degree felony, with the forfeiture specifications, and the remaining counts were nolled.

{¶3} At the change of plea hearing on February 29, 2012, the court addressed appellant through an interpreter.  The court mistakenly addressed appellant as "Mr. Melnichuk," which is the name of a codefendant in the action.   Nevertheless, the charges against appellant were properly set forth, as well as the terms of a plea agreement.

{¶4} Defense counsel indicated that through the use of an interpreter, the plea had been discussed with appellant, his rights were explained, and the possible immigration ramifications of the plea had been reviewed and discussed.   It was represented that appellant had a green card, but was not a citizen.

**{¶5}** Thereafter, the court engaged in a direct colloquoy with appellant in which the appellant expressed that he wished to take the plea agreement and that he was able to understand the proceeding as it was being interpreted to him. The court explained to appellant the rights he was waiving in pleading guilty, informed him of the nature of the charge and the maximum penalty involved, received appellant's acknowledgment that he understood the rights he was waiving, and otherwise complied with Crim.R. 11(C).

**{¶6}** When asked whether he was a citizen of the United States, appellant indicated that he only possessed a green card. Thereupon, the trial court provided the following advisement of immigration-related consequences: "Do you understand that your plea could result in your deportation, exclusion, or denial of naturalization?" Appellant answered affirmatively and proceeded to enter a plea of guilty that was accepted by the court.

**{¶7}** On February 29, 2012, the trial court sentenced appellant to one year of community control sanctions with conditions. On July 9, 2012, appellant filed a motion to withdraw his guilty plea, alleging that he was not properly advised of the immigration ramifications under R.C. 2925.03(A)(2). Appellant attached an affidavit, as well as the portion of the transcript reflecting the advisement that was given. On July 25, 2012, the trial court denied the motion. Thereafter, appellant filed a motion to reconsider with a request for a hearing that was denied by the trial court.

**{¶8}** Appellant filed this appeal on August 24, 2012. He raises two assignments of error for our review. Under his first assignment of error, appellant claims the trial

court erred by failing to properly read verbatim the R.C. 2943.031 advisement of deportation consequences at the time he entered his change of plea.

{¶9} Because of the serious consequences of a criminal conviction on a noncitizen's status in this country, trial courts are required to give the advisement set forth in R.C. 2943.031(A), which states in relevant part:

> * * * [P]rior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
>
> "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) *may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States*."

(Emphasis added.)

{¶10} The Ohio Supreme Court has recognized that R.C. 2943.031(A) creates a substantive right and that the above advisement must be given verbatim to a defendant who is not a citizen of the United States. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 20, 29. If a court fails to provide the advisement, R.C. 2943.031(D) instructs as follows:

> Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from

admission to the United States, or denial of naturalization pursuant to the laws of the United States.

{¶11} In ruling on a motion under R.C. 2943.031(D), a trial court must determine whether the statutory conditions have been established. *Francis* at ¶ 35-36. Additionally, the trial court should take into account the timeliness of the motion and consider whether the defendant has demonstrated prejudice by the trial court's alleged failure to comply with R.C. 2943.031(A). *Id.* at ¶ 45. Although R.C. 2943.031(A) provides the language for the warning that is to be given the defendant, when evaluating a motion to withdraw the plea under R.C. 2943.031(D), the standard to be applied is one of substantial compliance. *Id.* at ¶ 46. As indicated in *Francis*:

> We hold that if some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a recital of the verbatim R.C. 2943.031(A) statutory language, a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made."

*Francis,* 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 48, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶12} A trial court's decision on a motion to withdraw a plea premised on R.C. 2943.031(D) is reviewed for an abuse of discretion. *Francis* at ¶ 32. "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." *State ex rel. Stiles v. School Emps. Retirement Sys.*, 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 13.

**{¶13}** In this case, appellant established that he is not a U.S. citizen, that he was entitled to the advisement under R.C. 2943.031(A), and that as a result of his conviction he was found to be removable from the United States by an immigration court. He also claims that his motion to withdraw was timely filed on July 16, 2012, because the removal order was issued on June 18, 2012.

**{¶14}** Even assuming that the motion was timely filed, we still find the trial court did not abuse its discretion in denying the motion. The record reflects that the trial court substantially complied with R.C. 2943.031(A). Although the trial court did not give the required advisement verbatim, appellant was informed that his change of plea could result in his "deportation, exclusion, or denial of naturalization[.]" Appellant indicated that he understood. Further, defense counsel advised the court that, with the use of an interpreter, he had discussed with appellant the plea, explained his rights, and reviewed the possible immigration ramifications of the plea.[1] A review of the transcript reflects that the trial court engaged in a dialogue with appellant and his answers reflect that he understood the questions and advisements that were provided, including the immigration consequences of entering a change of plea. Under the totality of the circumstances, the trial court could reasonably conclude that appellant subjectively understood the

---

[1] We note appellant does not claim ineffective assistance of trial counsel as a basis for withdrawing the plea. He focused on the failure to give the verbatim advisement under R.C. 2943.031(A) and the failure to hold a hearing on the motion. *See Padilla v. Kentucky*, 559 U.S. 2___, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

immigration implications of his plea and the rights he was waiving. Finding no abuse of discretion, appellant's first assignment of error is overruled.

{¶15} Under his second assignment of error, appellant argues the trial court erred by failing to hold an evidentiary hearing on the motion to withdraw his plea.

{¶16} The *Francis* court recognized that a trial court is not necessarily required to hold a hearing or specify reasons in ruling on the motion to withdraw. *Francis,* 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 50-52. The court stated: "[D]ecisions on whether to hold a hearing and on whether to explain reasons for a ruling are matters entrusted to the sound discretion of the trial court." Because the record in this matter supports the trial court's decision to deny the motion and allows for a sufficient review, we find no abuse of discretion in the trial court's decision to rule on the motion without a hearing. Appellant's second assignment of error is overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
MARY J. BOYLE, J., CONCUR