[Cite as *State v. Davenport*, 2013-Ohio-3731.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 99328

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ASSANTE DAVENPORT

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558450

**BEFORE:** S. Gallagher, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 29, 2013

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, OH   44067


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brian R. Radigan
         Carl Sullivan
Assistant Prosecuting Attorneys
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant, Assante Davenport, appeals from his conviction for having a weapon while under disability in violation of R.C. 2923.13(A)(3), after a bench trial. Finding no merit to Davenport's claims, we affirm the decision of the trial court.

{¶2} On December 4, 2011, a party took place at 9900 Cudell Avenue in Cleveland, Ohio. The party was arranged and mostly attended by teenagers. The party included anywhere between 25 to 75 people. The witnesses' descriptions of the events were convoluted. In any event, sometime during the party, an altercation developed between the victim's brother and another male, later identified as Davenport, over the sharing of a Black & Mild cigar. A fight ensued, and the victim's brother was pistol-whipped on the head by Davenport, knocked to the ground, and stomped on by several other people. Davenport then fired the gun he used to pistol-whip the victim's brother in another direction. After the party cleared because of the shooting, the victim was found with a gunshot wound to the chest. Meanwhile, outside the house, a second shooting occurred. The police recovered a pistol not associated with the shooting inside the house. A separate suspect was identified as having had possession of that weapon.

{¶3} While Davenport was in custody pending the outcome of his trial, he made several jailhouse calls that were recorded. Two of those recordings, made on August 10 and 29, included Davenport's veiled references about having possession of "number 1." The state contended, based on Davenport's statements from the August 20 and September 29 recordings, that "number 1" is a reference to a firearm.

**{¶4}** Davenport was charged with aggravated murder, in violation of R.C. 2903.01(A); attempted aggravated murder, in violation of R.C. 2923.02; felonious assault, in violation of R.C. 2903.11(A)(2); associated one- and three-year fire arm specifications; and having a weapon while under disability, in violation of 2923.13(A)(3). Davenport waived his right to a jury trial on the charge of having a weapon under disability. After the jury acquitted Davenport of the remaining charges, the trial court found him guilty of having a weapon under disability. The trial court sentenced Davenport to 30 months in Lorain Correctional Institution. Davenport timely appeals his conviction, advancing three assignments of error, none of which have merit.

**{¶5}** Davenport's first assignment of error provides as follows:

Assignment of Error I

The trial court erred in permitting the admission of unfairly prejudicial evidence in violation of Evidence Rules 801, 401, and 403 and [Davenport's] rights under Article I Sec. 10 and 16 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

Davenport generally argues that the August 10 and 29 recordings contained inadmissible hearsay, were unduly prejudicial, or were not evidence of consciousness of guilt. His first assignment of error is without merit.

**{¶6}** The trial court has broad discretion in the admission or exclusion of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should be slow to interfere. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 122. "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." *State ex rel. Stiles v.*

*School Emps. Retirement Sys.*, 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 13.

{¶7} Davenport argues that in the August 10 and 29 recordings, a third person did most of the talking, and therefore, the statements contained therein were hearsay. We disagree. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). A statement is not hearsay if "the statement is offered against a party and is * * * a statement of which the party has manifested an adoption or belief in its truth." Evid.R. 801(D)(2)(b). Generally, "[a]n adoptive admission, or an admission by acquiescence, consists of a statement by a non-party which may be deemed to be that of a party by virtue of the failure of the party to deny the statement." Evid.R. 801 Staff Notes. The adoptive admissions doctrine has been applied even when the party "was present but remained silent when the declaration was made." *State v. Matthews*, 47 Ohio St.2d 119, 351 N.E.2d 98 (1976).

{¶8} Davenport maintains that he did not make the statements himself or orally adopt the statements and, therefore, the recordings contained hearsay that should have been excluded. Davenport's position relies on a misapprehension of Ohio law. Adoptive admissions are by their nature statements made by a third party to which the party acquiesces, even through silence. *See id*. For this reason, we cannot say that the court erred in overruling Davenport's hearsay objection. The recorded statements are not hearsay pursuant to Evid.R. 801(D)(2)(b). The statements on the August 10 and 29

recordings were adopted by Davenport through his acquiescence to the validity of the statements.

**{¶9}** Further, Davenport is unable to establish that the evidence contained in the August 10 and 29 recordings was irrelevant or unduly prejudicial. The tapes are relevant inasmuch as they discuss Davenport's attendance at the party and possession of "number 1." All evidence is relevant when having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. In this case, the tapes tend to show Davenport's admission to possessing "number 1," which the state contends is the firearm, an issue that will be discussed in greater detail in resolving Davenport's second and third assignments of error.

**{¶10}** Further, "[g]enerally, all evidence presented by the prosecution is prejudicial to the criminal defendant, and as the rule speaks only to prejudice that is unfair, there is a preference for admissibility." *State v. Tapscott*, 2012-Ohio-4213, 978 N.E.2d 210, ¶ 31 (7th Dist.). Davenport's sole argument is that both recordings are confusing, and therefore, highly prejudicial. Whether the evidence is prejudicial is not the proper inquiry; it is whether the unfair prejudice substantially outweighs the probative value. Upon reviewing the record, we cannot say the trial court abused its discretion in its determination that the confusing nature of the August 10 and 29 recordings did not substantially outweigh the probative value of the recordings. The August 10 and 29 recordings establish Davenport's presence at the party and his possession of "number 1,"

which if proven to be a firearm is relevant to the having a weapon while under disability count. Davenport's first assignment of error is overruled.

{¶11} Davenport's second and third assignments of error provide as follows:

Assignment of Error II

The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that the appellant was guilty of having a weapon while under disability.

Assignment of Error III

Appellant's conviction for having a weapon while under disability is against the manifest weight of the evidence.

Davenport's second and third assignments of error challenge the sufficiency and manifest weight of the evidence regarding the trial court's finding of guilt for the having a weapon under disability claim tried to the bench. We find no merit to his arguments.

{¶12} Before addressing the merits of Davenport's second and third assigned errors, we must address the unduly complicated nature of this appeal, given the state of the record regarding the four recordings. The state anticipated using four recordings of Davenport's jail calls, made on August 10, 20, 29, and September 29 at trial. According to the transcript, the recordings were all contained in state's exhibit No. 180, first introduced through a witness during the trial. Tr. 1631:10-12. Davenport objected to the admissibility of the recorded conversations, was overruled, and state's exhibit No. 180 was played for the jury. *Id.* The transcript only mentions that the exhibit was played for the jury, but does not contain a transcription of the recordings, nor any indication that only a portion of the exhibit was played.

**{¶13}** The trial court then held a hearing on the admissibility of the four recordings contained in the state's exhibit No. 180, but unfortunately, the hearing transcript is not a model of clarity. During the hearing, the court listened to the four recordings, but the transcript, again, does not include a transcription of the portion of the recordings being played during the ongoing discussion, nor is there any summary of the portion of the recording actually being discussed. The record clearly identifies that four recordings are contained on state's exhibit No. 180, which was already played for the jury. *See* tr. 1738 (discussing the August 29 recording on state's exhibit No. 180); tr. 1769 (discussing the September 29 recording on state's exhibit No. 180; tr. 1790, 1794 (discussing the August 20 recording on state's exhibit No. 180).

**{¶14}** The trial court excluded portions of the four recordings, but did not delineate the portions it deemed admitted other than with muted references to some times within the individual recordings or general summaries of some of the excluded statements. The rulings that excluded evidence only pertained to portions of several recordings and not the recordings in the entirety. *See* tr. 1802:5-21 (admitting a truncated portion of the August 10 recording); tr. 1748: 2-4 (admitting a truncated portion of the August 29 recording); tr. 1790:15-23 (admitting a truncated portion of the August 20 recording regarding weapons); tr. 1783:11-21 (admitting a truncated portion of the September 29 recording). To further complicate review, the state played redacted versions of the August 10 and 29 recordings for the jury at a later point during the trial, and only those two recordings were contained on the disk formally admitted as state's

exhibit No. 180 at the close of trial, despite the fact that all four recordings were introduced as state's exhibit No. 180.

{¶15} The trial court expressly indicated that the August 20 and September 29 recordings set the foundation for the relevancy of the August 10 and 29 recordings and, most important, established the factual basis for the inference that Davenport was talking about a firearm when referencing having possession of "number 1," and not "number 2." Tr. 1756:13-24. We must use this fact pattern regarding the record of proceedings as a cautionary tale on preserving the record when audio recordings are the subject of extensive admissibility hearings. If the recording is not transcribed as played, then either the trial court or the parties need to ensure that the contents of the recordings, and the excluded portions therein, are memorialized in the record for future meaningful review over the admissibility of the individual statements of the entire recording. Further, if out of expediency, a party crops an audio recording for actual trial use, those cropped versions should be renumbered under a new exhibit if the original exhibit is not intended for the trier of fact.

{¶16} Davenport's sole contention is that the trial court, sitting as the trier of fact, was not entitled to base a guilty verdict on the August 20 or September 29 recordings because the physical copies of those recordings were not moved into evidence following their introduction at trial. Davenport conceded that the August 20 and September 29 recordings included statements referencing weapons and does not dispute that the basis for the trial court's inference defining the reference to "number 1" germinated from the

omitted recordings. Following Davenport's argument to its logical conclusion, without the omitted recordings, there is insufficient evidence, or the verdict is against the manifest weight of the evidence, when based on the remaining trial testimony from the teenaged witnesses. We find no merit to Davenport's argument.

{¶17} Generally, when an appellate court reviews a claim of insufficient evidence, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶18} On the other hand, when reviewing a claim challenging the manifest weight of the evidence, the court, after reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id*.

{¶19} In this case, and irrespective to the three witnesses identifying Davenport as possessing a firearm the night of the shooting, the fact that the state erroneously omitted

the physical copies of the August 20 and September 29 recordings from the state's exhibit No. 180, moved into evidence at the close of trial, after being played for the trier of fact, bears no consequence to the trier of fact's ability to consider such evidence in rendering a verdict.   Tellingly, Davenport has not cited any authority for such a proposition of law.

{¶20} The trial court specifically referenced the August 20 and September 29 recordings as setting the foundation for the inference that Davenport's references to having possession of "number 1" in the August 10 and 29 recordings were indicative of his possessing a firearm.   Davenport never sought to limit the trier of fact's ability to consider the evidence prior to the verdict. Davenport's statements in the August 29 recording indicating he had possession of "number 1" and the trial court's inference, based on the August 20 and September 29 recordings, that "number 1" was a reference to a firearm are sufficient in and of themselves to sustain Davenport's conviction for having a weapon while under disability.   Davenport's sufficiency and manifest weight arguments, thus, solely hinge on the trial court's ability, or lack thereof, to consider the omitted recordings.   Davenport essentially argues that the lack of the recordings necessitates the contents of the omitted evidence be disregarded at trial.   We disagree.

{¶21} All the recordings were admitted and introduced at trial through the state's exhibit No. 180, which was moved into evidence, albeit with redacted versions of the August 10 and 29 recordings.   The state's exhibit No. 180 is not in the original form as it was introduced.   Whether this was intended or not is unclear.   Nothing in the record indicates that the state withdrew the August 20 or September 29 recordings from

evidence. To the contrary, the record reflects that all four recordings were played for the trier of fact and the court telegraphed its intent to rely on the August 20 and September 29 recordings to form its inference that references to "number 1" encompassed the possession of a firearm. It is the duty of appellant to supplement the record with any omissions in the transcription of proceedings upon which his assignment of error relies. *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 18, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). "If the evidence contained in a partial record does not itself conclusively support the finding or conclusion, and it does not affirmatively appear that omitted evidence has no bearing on such finding or conclusion, it will be presumed that the omitted evidence supports the finding or conclusion." *In re Adoption of Foster*, 22 Ohio App.3d 129, 489 N.E.2d 1070 (3d Dist.1985); *see also State v. Peters*, 8th Dist. Cuyahoga No. 63169, 1993 Ohio App. LEXIS 3512 (July 15, 1993). The trial court expressly explained the relevance of the omitted recordings to its final determination, and therefore, we must presume the omitted evidence supports the trial court's conclusion.

{¶22} Further, the trial court excluded portions of the four recordings contained on the state's exhibit No. 180, as it was introduced, and we must presume that the trial court only considered the portions of those recordings that were deemed admitted. *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 195 (in the absence of evidence upon the record to the contrary, the trial court is presumed to have considered the relevant, material, and competent evidence). Having failed to supplement the record,

much less challenge the facts contained in the omitted recordings that establish Davenport's possession of a firearm or that the trial court relied on the portions of those recordings that it excluded, Davenport failed to overcome the presumption of regularity. *Id.* Nothing in the record indicates otherwise.

{¶23} Moreover, in resolving the manifest weight of the evidence issue, three independent witnesses identified Davenport in possession of a firearm on the night of the shooting. While these witnesses were juveniles who gave varying views of the event in statements made several weeks after the incident, the trial court found these witnesses credible. Davenport argues that because the jury acquitted him on all counts after hearing the witnesses' testimony, the trial court, for the bench portion of the trial, should have done the same. We find no inconsistencies between the trial court's determination that Davenport possessed a weapon and the jury's acquittal of Davenport on the charges related to the shooting. The trial court found the three witnesses who testified that Davenport possessed a weapon credible, and this evidence, coupled with the independent evidence derived from the tape recordings, was sufficient to support the trial court's determination. In light of the additional evidence, it cannot be said that the trial court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Davenport's statements admitting possessing a firearm corroborated the witnesses' testimony to the same.

{¶24} As it stood for trial, all four recordings were admitted into evidence during the guilt phase of trial. The fact that the physical copy of the recordings was not

included on the CD admitted into evidence does not preclude the trier of fact from relying on the omitted recordings, which were played for the trier of fact, in rendering the guilty verdict on the having a weapon under disability count. We therefore find no merit to Davenport's second and third assignments of error. The trial court, sitting as the trier of fact, properly based the guilty verdict upon the evidence contained in all four recordings, which were properly admitted into evidence during trial. Davenport's second and third assignments of error are overruled.

{¶25} In light of the foregoing, the decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR